INHABITANTS OF MONMOUTH *vs.* INHABITANTS OF LEEDS.*

Kennebec.    Opinion Februrary 24, 1887.

*Costs.    Proceeding to establish dividing line between towns.*

Costs are not allowable to either side in a statutory proceeding to discover and establish boundary lines between towns.   There is no action, or litigation, and no pleadings are filed.

The court has control of such proceedings so far as to prevent a report being final, unless satisfied of its freedom from fraud, and of its legal correctness.

ON exceptions.

Plaintiffs filed a bill of costs with written motion to be allowed costs.   The motion was overruled and the plaintiffs alleged exceptions.

*J. H. Potter*, for the plaintiffs.

Should the court hold that the proceeding is not strictly an action at law, still, in the light of several decisions in this state, we are entitled to costs up to the time when commissioners were appointed.   *Moore* v. *Mann*, 29 Maine, 559; *Ham* v. *Ham*, 43 Maine, 285; *Thornton* v. *York Bank*, 45 Maine, 158.

*F. M. Drew*, for the defendants, cited : Spaulding's Practice, 45; *Hopkins* v. *Benson*, 21 Maine, 399; *Moore* v. *Mann*, 29 Maine, 559; *Counce* v. *Persons unknown*, 76 Maine, 548; *Stetson* v. *County Com.* 72 Maine, 17.

PETERS, C. J.   Costs are claimed in a statutory proceeding in which commissioners were asked for to establish the boundary line between two towns.

We think costs are not allowable.   The proceeding is not an action, nor of the nature of one.   The towns do not come into court as parties to a litigation.   No pleadings bring them to an issue in court.   A line becomes obscured or lost, and the petition seeks its discovery.

At the same time, it may be well to say that the court has more powers of decision in such proceedings than sometimes has

---

* See same case reported 76 Maine, 28.

been ascribed to it. It is contended by counsel on one side that our own decisions determine that the court has no power to pass judgment on the work of the commissioners. It may be a limited authority. Still, some authority exists. It seems to have been overlooked in some of the cases that the report of the commissioners was required by the earlier statutes to be accepted by the court. The laws of 1832, ch. 560, expressly required it. The R. S. of 1841, ch. 5, § 27, required it. The R. S. of 1857, ch. 3, § 30, with no legislative change, for the sake of brevity, omits the words relating to acceptance, the revisers of the laws supposing, evidently, that the power to accept or reject would be implied. Why should it not be so? What object is there in making a return to court if the return is not to be acted upon? In *Bremen* v. *Bristol*, 66 Maine, 354, the court settled some legal questions and recommitted the case to the commissioners. We do not see why the court should not so far control the proceeding that it may, as in cases before referees, prevent a report being final until satisfied of its freedom from fraud and of its legal correctness.

*No costs allowed.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.